Maurice W. McCann,
Yates County Judge and Acting Judge for Monroe County. The defendant herein during the month of April, 1959 petitioned for a writ of error coram nobis to set aside a judgment convicting him of murder in the second degree. His petition for a hearing thereon was denied by me by a decision filed in Monroe County Clerk’s office on July 31, 1959. This was followed by my order entered in Monroe County Clerk’s office. The defendant is now appealing on this order to the Appellate Division of the Supreme Court, Fourth Department.
The defendant has since made a motion before the Appellate Division for an inspection of the minutes of the Grand Jury which indicted this defendant in September, 1942 for the crime of assault second degree, and also for inspection of the minutes of the Grand Jury which indicted the defendant in March, 1943 for the crime of murder in the first degree, resulting in his conviction after trial of the crime of murder in the second degree (the latter being the conviction that he is presently petitioning to have set aside). This motion was denied by the Appellate Division, Fourth Department with the direction that such motion seeking access to the minutes for the purpose of incorporating them in the papers on the appeal should be made to the trial court.
The reasons and procedure for granting an inspection of the Grand Jury minutes is to be found in section 313 of the Code of Criminal Procedure of the State of New York. Section 315 of the code provides that such motion must be heard at the time of arraignment unless for good cause the court postpone such hearing. Section 314 of the same code states that if the motion to set aside the indictment is not made the defendant is precluded from afterwards taking the objections mentioned in the last section. (Emphasis supplied.)
No motions were made by the defendant prior to the trial which lead to his conviction in 1943. (Some 17 years has transpired since that time.)
The defendant states in his petition that he needs these minutes in order to perfect his appeal with the added assertion that under the law he is entitled, as a matter of constitutional right, to access to the entire record of the proceedings below and cites a considerable number of cases in support thereof. A careful examination of these cases discloses that the minutes referred to in the cited cases were the trial minutes rather than *403 Grand Jury minutes. The minutes of the defendant’s trial are readily available and can be found in the record on his appeal to the Appellate Division, Fourth Department (10 A D 2d 667) and in the record on his appeal to the Court of Appeals.
The law appears to be well settled in this State that an examination of the minutes of a Grand Jury cannot be had for the purpose of putting testimony in the hands of the defendant, nor for the purpose of assisting him in preparation for trial; nor can it be had as a matter of right, for, if so, such inspection must be granted to every defendant upon his merely asking for it. (See People v. Nicoll, 133 N. Y. S. 2d 807 and the cases cited therein.) If the Grand Jury minutes cannot be made available for trial defense certainly they cannot, by any stretch of the imagination, be made available on the appeal of an adverse coram nobis proceeding.
The defendant’s motion to inspect the Grand Jury minutes is denied on all of the reasons above stated. Submit order in accordance with this decision.